THOMPSON, Presiding Judge.
On October 23, 2015, Michael Gordon Holloway (“the father”) filed in the Jefferson Circuit Court (“the trial court”) a complaint seeking a divorce from Jennifer Ann Holloway (“the mother”). In that complaint, the father also sought, among other things, an award of custody of the parties’ minor son, who was born on September 20, 2015. In his complaint, the father alleged that the parties married on October 18, 2014, and that they separated on June 29, 2015.
In a separate motion for pendente lite relief, also filed on October 23, 2015, the father alleged that the mother had abandoned the marriage and had moved to Mississippi to live with her mother. Neither the father’s complaint for a divorce nor his motion for pendente lite relief set forth the date on which the mother left Alabama to live in Mississippi or in which state the child was born.
On November 19, 2015, the mother filed in the trial court an “answer, counterclaim, and motion to dismiss.” In that pleading, the mother alleged that the child had been born in Mississippi and had lived in Mississippi since his birth. Therefore, the mother argued, Alabama was not the child’s home state and the trial court could not exercise jurisdiction over issues pertaining to child custody; the mother cited provisions of Alabama’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-8B-101 et seq., Ala.Code 1975. Accordingly, the mother moved to dismiss that part of the father’s complaint that sought to litigate the issue of child custody in the trial court. The mother did not dispute the trial court’s jurisdiction to divorce the parties and to divide their marital property.
In response to the mother’s answer, counterclaim, and motion to dismiss, the father filed a “verified response,” in which he stated that he and the mother had been residents of Alabama when he filed the divorce complaint, that he had believed the mother’s move to Mississippi was temporary, and that the mother was not a resident of Mississippi. The father also submitted a copy of a Mississippi *855 statute governing Mississippi’s jurisdiction to grant a divorce.
The mother then, on January 15, 2016, filed in the trial court a verified motion to dismiss the father’s child-custody claims. In that verified motion to dismiss, the mother stated, in short, that the child had been born in Mississippi and that the child had resided with her in Mississippi since his birth. In addition, the mother stated that a custody and child-support action was pending in the Chancery Court of Madison County, Mississippi (“the Mississippi court”); the mother argued that the Mississippi court had jurisdiction over the issues of custody and child support because, she said, Mississippi was the child’s home state under the UCCJEA. The mother amended the verified motion to dismiss on February 12, 2016, to submit to the trial court a copy of a pendente lite order of the Mississippi court in which that court determined, among other things, that it had jurisdiction over the issue of the custody of the child.
The father responded to the amended verified motion to dismiss by submitting a copy of a verified motion to dismiss that he had filed in the Mississippi court. In that motion filed in the Mississippi court, the father had argued that the mother had not been a resident of Mississippi for six months before she filed the custody action in the Mississippi court; the father did not address the issue of the Mississippi court’s jurisdiction over the child. However, in his response to the mother’s amended verified motion to dismiss filed in the trial court, the father argued that, by failing to communicate with the trial court, the Mississippi court had not complied with the requirements of the UCCJEA and that, therefore, the Mississippi pendente lite order was void for that reason.
The trial court set the jurisdictional dispute for a March 8, 2016, hearing at which it considered the arguments of the parties’ attorneys. Thereafter, each party filed a brief in support of his or her position on the issue of whether the trial court had jurisdiction over the child-custody issue.
On June 8, 2016, the trial court entered two orders. In the first order, the trial court found that it had subject-matter jurisdiction over the child-custody issue. In its second June 8, 2016, order, the trial court denied the mother’s motion to dismiss that part of the father’s divorce complaint pertaining to the issue of child custody. The mother timely filed a petition for a writ of mandamus challenging the trial court’s June 8,2016, orders.
“ ‘[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.’ Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Johnson, 715 So.2d 788, 785 (Ala.1998)).
“ ‘ “ ‘A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.””
“Ex parte Punturo, 928 So.2d 1030, 1033 (Ala.2002) (quoting Ex parte Bruner, 749 So.2d 437, 439 (Ala.1999), quoting in turn Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)). ‘Subject-matter jurisdiction cannot be waived, and the lack of subject-matter jurisdiction may be raised at any time by a party or by a court ex mero motu.’ 928 So.2d at 1033 (citing Greco v. Thyssen Mining Constr., Inc., 500 So.2d 1143 (Ala.Civ.App.1986)). ‘A judgment issued by a trial court without jurisdiction is a nullity.’ 928 So.2d at 1034 (citing Ex parte Hornsby, 663 So.2d 966 (Ala.1995)).”
*856 Ex parte Siderius, 144 So.3d 319, 323 (Ala.2013).
A circuit court or juvenile court in Alabama may not address an issue of child custody unless the court has jurisdiction under the UCCJEA to make an initial custody determination. B.N. v. Madison Cty. Dep’t of Human Res., 151 So.3d 1115, 1119 (Ala.Civ.App.2014), Section 30-3B-201, Ala.Code 1975, provides:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
“(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
“(c) Physical presence of a child is not necessary or sufficient to make a child custody determination.”
Under the UCCJEA, the term “home state” is defined as follows:
“Home state. The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term, means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of the child or any of the mentioned persons is part of the period.”
§ 30-3B-102(7), Ala. Code 1975 (emphasis added).[1]
With regard to the home state of a child who is less than six months old at the time a child-custody claim is asserted, this court has stated:
“Generally, a state secures the status of ‘home state’ if a child has lived in that *857 state with a parent or a person acting as a parent for a period of six months preceding the commencement of a child-custody proceeding. § 30-3B-102(7). Pursuant to its definition, the- term ‘home state’ is expressly applied to children less than six months of age, and the requirement that the child live in a state for at least six months preceding the commencement of a child-custody proceeding is relaxed to make the home state that state % which the child lived from birth with [a parent or a person acting as a parent].’ Id.”
Gray v. Gray, 139 So.3d 802, 806 (Ala.Civ.App.2013).
In Gray v. Gray, supra, the father in that case had commenced a child-custody action in Alabama before the child was born. This court held that, under the UCCJEA, an unborn child does not have a home state and that the determination of the child’s home state is necessarily deferred until his or her birth. 139 So.3d at 808. The child in that case was born in Michigan and lived in Michigan with the mother following his birth. This court concluded that Alabama was not the child’s home state such that an Alabama court could exercise jurisdiction over the custody dispute; this court explained:
“The undisputed evidence before the Alabama trial court is that the child was born in Michigan and that the child has lived since birth with the mother in Michigan. Thus, the child’s home state is Michigan, and the Alabama trial court lacks subject-matter jurisdiction under § 30-3B-201(a)(l) to make an initial child-custody determination regarding the child.”
Gray v. Gray, 139 So.3d at 808.
In another case, this court stated:
“We agree with the Supreme Court of Illinois’s construction of the statute and determine that the drafters of the UC-CJEA intended ‘lived - from birth’ to mean where a child, with a parent or a person acting as a parent, has a presence—beyond simply a hospital stay attendant to giving birth in a state—such as residing within or occupying a home together.”
H.T. v. Cleburne Cty. Dep’t of Human Res., 163 So.3d 1054, 1065 (Ala.Civ.App.2014).
It is undisputed that the child at issue in this case was born on September 20, 2015, in Mississippi, and that the child has remained with the mother in Mississippi since that time.[2] Thus, at the time the father filed his divorce complaint containing a claim for custody in the trial.court, the child was a “child less than six months of age,” § 30-3B-102(7), and had resided in Mississippi from the tinie of his birth with a parent, i.e., the- mother. Considering the definition of “home state” contained in the UCCJEA,. as well as Alabama caselaw, it is clear that, upder the facts of this case, Mississippi is the child’s home state. Therefore, the trial court never acquired subject-matter jurisdiction oyer the child-custody claim asserted in the father’s divorce complaint. Ex parte Siderius, supra.
We note that, in addition to the primary argument in her brief submitted in support of her petition for a writ of mandamus, the mother argues that the trial court also erred under the UCCJEA when it failed to communicate with the Mississippi court concerning the two competing custody actions. The UCCJEA addresses simultaneous child-custody actions pending in courts of different states as follows: . -
*858 “(a) Except as otherwise provided in Section 30-3B-204, a court of this state may not exercise its jurisdiction under [the UCCJEA] if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with [the UC-CJEA] unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 30-3B-207.
“(b) Except as otherwise provided in Section 30-3B-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 30-3B-209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [the UCCJEA], the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with [the UCCJEA] does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.”
§ 30-3B-206, Ala.Code 1975.[3]
The trial court was made aware of the mother’s custody action pending in the Mississippi court. Section 30-3B-110, Ala. Code 1975, governs communications between courts and requires that a record be made of any such communication and that the parties be informed of the communication. The materials submitted to this court in support of the mother’s petition for a writ of mandamus contain no indication that the trial court communicated with the Mississippi court, and the arguments of the parties in their briefs submitted to this court tend to indicate that no such communication took place. It is clear that the UCCJEA required the trial court to communicate with the Mississippi court. This issue, though, is not dispositive. However, although we do not grant the mother’s petition for a writ of mandamus based on her argument on this issue, we surmise that had the trial court contacted the Mississippi court in accordance with § 30-3B-206, after it became aware of the Mississippi custody action, that communication might have resulted in the trial court’s reaching the correct conclusion that Alabama was not the home state of the child, thereby decreasing the time the child is affected by a pending custody action and lessening the expense of litigation for the parties.
The trial court’s June 8, 2016, order determining that it could exercise jurisdiction over the issue of child custody is a nullity. Ex parte Siderius, supra. Further, we agree with the mother that the trial court erred in denying her motion to dismiss the father’s custody claim, and, therefore, we grant her petition for a writ of mandamus and direct the trial court to vacate its June 8, 2016, order denying that motion to dismiss.
PETITION GRANTED; WRIT ISSUED.
PITTMAN and DONALDSON, JJ., concur.
THOMAS and MOORE, JJ., concur in the result, without writings.

. We note that "[b]oth Alabama and Mississippi have adopted the UCCJEA. See § 30-3B-101 et seq., Ala.Code 1975, and Miss.Code Ann., § 93-27-101 et seq.” J.H. v. C.Y., 161 So.3d 233, 238 (Ala.Civ.App.2014). “The corresponding Mississippi codification of the UC-CJEA is essentially the same as the Alabama version. See, e.g., Miss.Code Ann., § 93-27-201 (differing from § 30-3B-201 only in its references to other statutory sections).” Id.

. The Mississippi court found that the child had visited Oklahoma for one week during the Christmas holidays.

. In his response to the mother's petition for a writ of mandamus, the father cursorily asserts that it was the duty of the Mississippi court to contact the trial court. The father cites no supporting authority for that assertion.