MOORE, Judge.
Matthew Gallant (“the father”) has filed a petition for a writ of mandamus challenging the subject-matter jurisdiction of the Elmore Circuit Court (“the trial court”).
■ Background
On August 29, 2009, the trial court entered a judgment in case number DR-09-900071, divorcing the father and Rebecca Gallant (“thé mother”). That judgment, which incorporated a settlement agreement entered into by the parties, awarded the mother sole physical custody of the parties’ five children, subject to the father’s right to visitation, awarded the parties joint legal custody of the children, and ordered the father to pay child support and other financial support to the mother. On May. 5, 2012, the father filed a contempt petition, which was assigned case number DR-09-900071.01. He later amended his petition to request that the custody provisions of the divorce judgment be modified to award him sole legal and physical custody of the parties’ children. In that same action, the mother filed a counterclaim seeking modification of the custody and visitation provisions of the divorce judgment, as well as a finding of contempt against the father.. On. February 28, 2014, the trial court entered a judgment that, among other things, awarded the mother sole legal and physical custody of the children and modified the visitation rights of the father. This court affirmed that judgment. See Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014).
On June 18, 2014, the father filed a petition alleging that the mother had contemptuously violated various provisions of the 2009 divorce judgment and seeking custody of the children. That petition was assigned case number DR-09-900071.02. On July 28, 2014, the mother filed a counterclaim, which was assigned case number DR-09-900071.03. After a trial, the trial court, on January 19, 2016, denied the father’s petition and the mother’s counterclaim by rendering a single judgment that was entered in both case number DR-09-900071.02 and case number DR-09- *1122 900071.03. Neither party appealed from the judgment entered in those cases.
On June; 21, 2016, the mother filed a contempt and modification complaint under case number DR-900071,03. On August 10, 2016, the father filed a. motion to dismiss that contempt and modification complaint. In that motion, the father also moved the .trial court to set aside the January 19, 2016, judgment entered' in case number DR-09-900071.02 and in case number DR-09-900071.03 for lack of subject-matter jurisdiction. The trial court, on August 12, 2016, denied the father’s motion to dismiss and his motion to set aside by rendering a single order that was entered in both case number DR-09-900071,02 and case number DR-09-900071.03. The father filed his petition for a writ' of mandamus on August 30, 2016;
Analysis
The father argues that the trial court erred in denying his motion to set aside' the January 19, 2016, judgment, which, he asserts, is void because the trial court lacked subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (“the UC-CJEA”), Ala. Code 1975, § 30-3B-101 et seq. We conclude that the father filed his motion under Rule 60(b)(4), Ala. R. Civ. P. (“On motion .. -. the court may relieve a party ... from a final judgment ... [if] ... the judgment is void.”). This court reviews the denial of a Rule 60(b)(4) motion by appeal and not by a petition for a writ of mandamus. Ex parte R.S.C., 853 So.2d 228 (Ala. Civ. App. 2002). Hence, this court has elected to treat that portion of the father’s petition for a writ of mandamus as an appeal, see Ex parte C.L.J., 946 So.2d 880, 888 (Ala. Civ. App. 2006) (recognizing authority of this court to treat an erroneously filed petition for a writ of mandamus as an appeal), and that appeal will be addressed separately. .
The father also argues in his mandamus petition, on • the same grounds,[1] that the trial court erred in denying his motion to dismiss the contempt and modification complaint filed by the mother in case number DR-09-90Ó071.03 on June 21, 2016. This court may review an order denying a motion to dismiss for lack of subject-matter jurisdiction under the UCCJEA via a petition for a writ of mandamus. See Ex parte Holloway, 218 So.3d 853 (Ala. Civ. App. 2016).
“A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to theprder sought; ,(2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly . invoked jurisdiction of the court.” ,
Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998). This court may issue a writ of mandamus compelling a trial court to dismiss a child-custody action if the trial court lacks subject-matter jurisdiction. Ex parte Holloway, supra.
“The UCCJEA is a jurisdictional act that establishes subject-matter jurisdiction over child-custody proceedings.” H.T. v. Cleburne Cty. Dep’t of Human Res., 163 So.3d 1054, 1062 (Ala. Civ. App. 2014). A “child custody proceeding” is “[a] proceeding in a court in which legal custody, physical custody, or visitation with respect to a child is an issue.” Ala, Code 1975, § 30-3B~102(4). In her complaint, the mother asserts that the father is-in contempt of the tidal court’s previous yisi- *1123 tation orders and that the trial court should modify his visitation rights, which claims would fall under the UCCJEA. However, the mother also maintains that the father has contemptuously failed to pay child support, extracurricular fees, and attorney’s fees, and she seeks modification of the trial court’s previous child-support judgments. Those claims do not involve child-custody matters. See Ala. Code 1975, § 30-3B-102(3) (“The term [child-custody determination] does not include an order relating to child support or other monetary obligation of an individual.”). Thus, we construe the father’s motion to dismiss, which relies solely on the UCCJEA, as relating solely to the visitation claims made in the mother’s complaint. See Ex parte Collins, 184 So.3d 1036, 1038 (Ala. Civ. App. 2015).
Under the UCCJEA, a trial court that has entered a judgment awarding a parent visitation rights with a child maintains continuing exclusive jurisdiction to modify that judgment until:
“(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
“(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.”
Ala. Code 1975, § 30-3B-202(a).
In this case, the trial court found in its February 28, 2014, judgment that the father had moved to Maine and that the mother and the children had moved to New York. The parties do not dispute that the father continues to reside in Maine and that the mother and the children continue to reside in New York. Because the trial court has determined that neither the children nor the mother and the father reside in Alabama, under § 30-3B-202(a)(2) the trial court has lost continuing, exclusive jurisdiction to modify visitation. Because of the absence of subject-matter jurisdiction, the mother’s visitation-modification claim should have been dismissed. We issue the writ of mandamus to correct that error.
In Ex parte Stouffer, 214 So.3d 1192 (Ala. Civ. App. 2016), a majority of this court held that § 30-3B-202 does not apply to enforcement actions. The majority held that an Alabama trial court has inherent authority to enforce its own child-custody determination even though it has lost jurisdiction under the UCCJEA to modify that determination. Under Ex parte Stouf-fer, even if the children and the parents no longer reside in Alabama and Alabama otherwise has no other connection to the case, an Alabama court may still exercise subject-matter jurisdiction over contempt proceedings to enforce its prior child-custody determination. Based on Ex parte Stouffer, the trial court in this case retains jurisdiction over the mother’s claims that the father has contemptuously violated the trial court’s visitation orders. Thus, the father has not proven a clear legal right to a writ ordering the dismissal of those claims.
For the foregoing reasons, we grant the petition and issue a writ of mandamus directing the tidal court to dismiss the mother’s visitation-modification claim; we deny the petition in regard to the mother’s claims that the father has contemptuously violated the trial court’s visitation orders.
*1124 PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. The father cursorily asserts that the trial court also lacks personal jurisdiction, but, in contravention of Rule 28, Ala. R. App. P., he does not develop that argument sufficiently to warrant our consideration.