MOORE, Judge.
Matthew Gallant (“the father”) appeals from a judgment of the Elmore Circuit Court (“the trial court”) denying his motion to set aside an earlier judgment of the trial, court for lack of subject-matter jurisdiction. We affirm the trial court’s judgment in part and reverse it in part.
Procedural History
These parties have previously been before this court. See Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014); and Ex parte Gallant, 221 So.3d 1120 (Ala. Civ. App. 2016). The record and materials from both of those appellate proceedings have been incorporated in the present appeal. In Ex parte Gallant, we summarized the procedural background of the case:
“On August 29, 2009, the trial court entered a judgment in case number DR-09-900071, divorcing the father and [the mother]. That judgment, which incorporated a settlement agreement entered into by the parties, awarded the mother sole physical custody of the parties’ five children, subject to the father’s right to visitation, awarded the parties joint legal custody of the children, and ordered the father to pay child support and other financial support to the mother. On May 5, 2012, the father filed a contempt petition, which was assigned case number DR-09-900071.01. He later amended his petition to request that the custody provisions of the divorce judgment be modified to award him sole legal and physical custody of the parties’ children. In that same action, the mother filed a counterclaim seeking modification of the custody and visitation provisions of the divorce judgment, as well as a finding of contempt against the father. On February 28, 2014, the trial court entered a judgment that, among other things, awarded the mother sole legal and physical custody of the children and modified the visitation rights of the father. This court affirmed that judgment. See Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014).
“On June 18, 2014, the father filed a petition alleging that the mother had contemptuously violated various provisions of the 2009 divorce judgment and seeking custody of the children. That petition was assigned case number DR-09-900071.02. On July 28, 2014, the mother filed a counterclaim, which was assigned case number DR-09-900071.03. After a trial, the trial court, on January 19, 2016, denied the father’s petition and the mother’s counterclaim by rendering a single judgment that was entered in both case number DR-09-900071.02 and case number DR-09-900071.03, Neither party appealed from the judgment entered in-those cases.
“On June 21, 2016, the mother filed a contempt and modification complaint under case number DR-900071.03. On August 10, 2016, the father filed a motion to dismiss that contempt and modifica *799 tion complaint. In that motion, the father also moved the trial court to set aside the January 19, 2016, judgment entered in case number DR-09-900071.02 and in case number DR-09-900071.03 for lack of subject-matter jurisdiction. The trial court, on August 12, 2016, denied the father’s motion to dismiss and his motion to set aside by rendering a single order that-was entered in both case number DR-09-900071.02 and case number DR-09-900071.03. The father filed his petition for a writ of mandamus on August 30, 2016.”
221 So.3d at. 1122.
In his petition for a writ of mandamus, the father argued that the trial court had erred in denying his motion to set aside the January 19, 2016, judgment and that the trial court had erred in denying his' motion to dismiss the contempt and modification complaint filed by the mother in case number DR-09-900071.03 on June 21, 2016. 221 So.3d at 1121-22. With regard to the father’s argument regarding his motion to set aside the January 19, 2016, judgment, this court concluded that the father had filed that motion pursuant to Rule 60(b)(4), Ala. R. Civ. P,, and that this court reviews the denial.of a Rule 60(b)(4) motion by appeal and not by a petition for a writ of mandamus; accordingly, we elected to treat that portion of his petition for a writ of mandamus as an appeal that would be addressed separately from the remainder of the father’s petition. We now address the father’s arguments with regard to the appeal of the trial court’s denial of his motion to set. aside the January 19, 2016, judgment.
Standard of Review
“[A]s our supreme court stated in Nationwide Mutual Fire Insurance Co. v. Austin, 34 So.3d 1238, 1242 (Ala. 2009), the opinions of our appellate courts ree-ognize that, when relief is sought under Rule 60(b)(4), [Ala. R. Civ. P.,] a de novo standard of review is applied. ‘This is so because the issue of jurisdiction raised in a Rule 60(b)(4) motion is a purely legal one.’ Id. See, e.g., Duncan v. S.N., 907 So.2d 428, 430 (Ala. 2005) (de novo review applied in determining whether an inmate had been served properly with a summons-and complaint). The proper standard of review of the denial of a Rulé 60(b)(4) motion is as follows:
ít t it standard of review on ap.peal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set'aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted .in a manner inconsistent with due process.’.” ’
“Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala. 2003) (quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala. 2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991))); Ex parte N.B., [66 So.3d 249, 254] (Ala. 2010).”
Looney v. State, 60 So.3d 293, 296 (Ala. Civ. App. 2010).
Analysis
The father argues on appeal that the trial court erred in failing to grant his Rule 60(b)(4) motion to set aside its January 19, 2016, judgment because, he says, the trial court lacked subject-matter jurisdiction to enter that judgment.[1]
*800 “ ‘ “[Jjurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Singleton v. Graham, 716 So.2d 224, 226 (Ala. Civ. App. 1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala. Civ. App. 1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)). “ ‘[Sjubject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.’ ” ’ M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala. Civ. App. 2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala. Civ. App. 2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala. Civ. App. 2003)).”
Fox v. Arnold, 127 So.3d 417, 421 (Ala. Civ. App. 2012).
In its January 19, 2016, judgment, the trial court denied the relief' requested in the father’s June 18, 2014, contempt'petition, in which he also sought a modification of custody, and the relief requested in the mother’s July 28, 2014, counterclaim for contempt and for a modification of the father’s visitation with the children. The trial court noted in its judgment that the parties had presented ore tenus testimony in support of their requests for relief. It then determined that, although the father’s petition had been styled as a contempt- petition, the father actually had sought custody of the parties’ children as a sanction for the mother’s alleged contempt; thus, the trial court concluded, the father’s petition was actually one seeking to modify custody. The trial court declined to modify custody of the children because, it concluded, the father had not met the custody-modification standard established in Ex parte McLendon, 455 So.2d 863 (Ala. 1984). Additionally, the trial court determined that the evidence presented had failed to support the father's allegations of contempt against the mother, and it denied the mother’s counterclaim for contempt and for a modification of visitation without further explanation.
The father argues on appeal that, at the time the trial court entered its January 19, 2016, judgment, it did not have subject-matter jurisdiction to entertain the claims that had been asserted by the parties. Specifically, he asserts that the trial court lacked jurisdiction under the Uniform Child -Custody Jurisdiction and -Enforcement Act (“the UCCJEA”), Ala. Code 1975, § 30-3B-101 et seq. Section 30-3B-202, Ala. Code 1975, a part of the UC-CJEA, provides:
“(a) Except as otherwise provided in Section 30-3B-204[, Ala. Code 1975], a court of this state which has made a child custody determination consistent with Section 30-3B-201[, Ala. Code 1975,] or Section 30-3B-203[, Ala. Code 1975,] has continuing, exclusive jurisdiction over the determination until:
“(1) A court of this state determines that neither the child, nor- the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence'is no longer available'in this state concerning the child’s care, protection, training, and personal relationships; or
*801 “(2) A court of this state or a court of another state-determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.
“(b) A- court' of- this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30—SB—201[, Ala. Code 1975].” .
In the present case, the trial court determined in its February 28, 2014, judgment that the mother was living with the children in New York and that the father was living in Maine. Thus, it determined at that time that neither the children,, the children’s parents, nor any person acting as a parent continued to reside in Alabama, Accordingly, the trial court no longer had continuing, exclusive jurisdiction over the child-custody determination pursuant to § 30-3B-202(a)(2). With regard to § 30-3B-202(b), we look to whether the trial court could have made a child-custody determination pursuant to § 30-3B-201, Ala. Code 1975.
Section 30-3B-20i(a) provides:
“(a) Except as otherwise provided in Section 30-3B-204[, Ala. Code 1975], a court of this state has jurisdiction to make an initial child custody determination only if: ■
“(1) This state is the home state of the child on' the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state; ■
“(2) A court of another state does not have jurisdiction under subdivision
■ (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate' forum under Section 30-3B-207Í, Ala. Code 1975,] or 30-3B-208[, Ala. Code 1975], and:
“a. The child and the child’s parents,, .or the- child and at least one parent, or a person acting as a parent, have a significant connection with this state, other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s, care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1). or (2) have declined to exercise jurisdiction on the ground that' a court of this' státe is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).”
Although the trial court’s February 28, 2014, judgment was not entered more than six months before the father filed his June 18, 2014, contempt-petition, it is clear from the record in Gallant v. Gallant, supra, that the mother and the children had resided in New York for more than six months before June- 18, 2014. See § -30-3B-102(7), Ala. Code 1975 (defining a child’s “home state,” in pertinent part, as “[t]he state in which a child lived with a parent ... for at least six consecutive months immediately before the commencement of a child custody proceeding’?). There is no indication, that New York had declined to 'exercise jurisdiction over the parties’ custody- and visitation-modification claims in favor of Alabama as the more appropriate forum. Thus, the tri *802 al court did not have jurisdiction pursuant to the UCCJEA to entertain a child-custody proceeding between the parties.
In Ex parte Gallant, this court proceeded to address the father’s petition for a writ of mandamus insofar as the father argued that the trial court had erred in denying his motion to dismiss the mother’s June 21, 2016, contempt and modification petition. 221 So.3d at 1122-23. We observed that the mother’s claims that the father had contemptuously failed to pay child support, extracurricular fees, and attorney’s fees and her claim seeking a modification of the trial court’s previous child-support judgments did. not involve child-custody matters. M. See also Ala. Code 1975, § 30-3B-102(3) (“The term [child-custody determination] does not include an order relating to child support or other monetary obligation of an individual.”). Accordingly, we denied the father’s petition with regard to those claims. Id. In its January 19, 2016, judgment, the trial court addressed issues speaking to the custody and visitation orders regarding the parties’ children, but it also addressed issues speaking to the parties’ claims for contempt related to the trial court’s previous orders. See 221 So.3d at 1123. Like in Ex parte Gallant, we conclude that the trial court could exercise subject-matter jurisdiction over contempt proceedings to enforce its prior child-custody determination. Id. See also Ex parte Stouffer, 214 So.3d 1192 (Ala. Civ. App. 2016). Accordingly, to the extent the trial court’s January' 19, 2016, judgment addressed the claims of the mother and the father speaking to the other party’s contempt resulting from the trial court’s previous orders, the trial court did not err in denying the father’s Rule 60(b)(4) motion. Thus, we affirm the trial court’s judgment denying the father’s motion to set aside its January 19, 2016, judgment with regard to those claims.
Insofar as the trial court addressed the claims of the parties that sought a modification of custody or visitation with regard to the parties’ children in its January 19, 2016, judgment, that judgment is void for lack of subject-matter jurisdiction. Thus, the trial court erred in denying the father’s Rule 60(b)(4) motion with regard to those claims.
Based on the foregoing, we affirm that portion of the trial court’s judgment on the father’s Rule 60(b)(4) motion to the extent that it spoke to the parties’ contempt claims and other claims that did not involve child-custody matters. We reverse the trial court’s judgment denying the father’s Rule 60(b)(4) motion to the extent that it spoke to those claims seeking a modification of custody or visitation, and we remand the case to the trial court for entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. Although the father refers to his arguments as speaking to the trial court’s failure to transfer venue, or its failure to set aside its judgment for want of personal jurisdiction, we note that the father does not support those arguments, arguing instead that the trial court lacked subject-matter jurisdiction. Accordingly, we limit our discussion to the issue raised by the father regarding the trial court's subject-matter jurisdiction to enter its January 19, 2016, judgment.