MOORE, Judge.
Matthew Gallant ("the father") petitions this court for a writ of mandamus directing the Elmore Circuit Court to dismiss a contempt and modification complaint filed by Rebecca Gallant ("the mother") and to vacate orders it entered in response to the mother's complaint. We deny the father's petition.
Procedural History
These parties have previously appeared before this court in Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014) ; Ex parte Gallant, 221 So.3d 1120 (Ala. Civ. App. 2016) (" Gallant II"); and Gallant v. Gallant, [Ms. 2151010, Feb. 17, 2017] 229 So.3d 797 (Ala. Civ. App. 2017) (" Gallant III"). In Gallant II, this court summarized the procedural background of the case:
"On August 29, 2009, the trial court entered a judgment in case number DR-09-900071, divorcing the father and [the mother]. That judgment, which incorporated a settlement agreement entered into by the parties, awarded the mother sole physical custody of the parties' five children, subject to the father's right to visitation, awarded the parties joint legal custody of the children, and ordered the father to pay child support and other financial support to the mother. On May 5, 2012, the father filed a contempt petition, which was assigned case number DR-09-900071.01. He later amended his petition to request that the custody provisions *352 of the divorce judgment be modified to award him sole legal and physical custody of the parties' children. In that same action, the mother filed a counterclaim seeking modification of the custody and visitation provisions of the divorce judgment, as well as a finding of contempt against the father. On February 28, 2014, the trial court entered a judgment that, among other things, awarded the mother sole legal and physical custody of the children and modified the visitation rights of the father. This court affirmed that judgment. See Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014).
"On June 18, 2014, the father filed a petition alleging that the mother had contemptuously violated various provisions of the 2009 divorce judgment and seeking custody of the children. That petition was assigned case number DR-09-900071.02. On July 28, 2014, the mother filed a counterclaim, which was assigned case number DR-09-900071.03. After a trial, the trial court, on January 19, 2016, denied the father's petition and the mother's counterclaim by rendering a single judgment that was entered in both case number DR-09-900071.02 and case number DR-09-900071.03. Neither party appealed from the judgment entered in those cases.
"On June 21, 2016, the mother filed a contempt and modification complaint under case number DR-900071.03. On August 10, 2016, the father filed a motion to dismiss that contempt and modification complaint. In that motion, the father also moved the trial court to set aside the January 19, 2016, judgment entered in case number DR-09-900071.02 and in case number DR-09-900071.03 for lack of subject-matter jurisdiction. The trial court, on August 12, 2016, denied the father's motion to dismiss and his motion to set aside by rendering a single order that was entered in both case number DR-09-900071.02 and case number DR-09-900071.03. The father filed his petition for a writ of mandamus on August 30, 2016."
221 So.3d at 1121-22.
In Gallant II, the father filed a petition for a writ of mandamus, arguing that the trial court had erred in denying his motion to set aside the January 19, 2016, judgment and that the trial court had erred in denying his motion to dismiss the contempt and modification complaint filed by the mother, in case number DR-09-900071.03, on June 21, 2016. We concluded that the father had filed his motion to set aside the January 19, 2016, judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P., and elected to treat that portion of the father's petition as an appeal that would be, and was, addressed separately in appeal number 2151010. 221 So.3d at 1122. With regard to the father's motion to dismiss, we granted in part and denied in part the father's petition for a writ of mandamus. Specifically, we determined that the trial court did not have subject-matter jurisdiction over the mother's claim regarding visitation and/or modification, and we issued the writ of mandamus to require the trial court to dismiss that claim. 221 So.3d at 1123. We observed that the father's motion to dismiss relied solely on the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), Ala. Code 1975, § 30-3B-101 et seq., and, thus, because the mother's claims that the father had contemptuously failed to pay child support, extracurricular fees, and attorney's fees did not involve child-custody matters, we construed the father's motion to dismiss as relating solely to the visitation claims made in the mother's complaint. Id. Accordingly, we denied the father's petition insofar as the mother's *353 claims addressed the father's alleged contemptuous failure to abide by the trial court's earlier judgments related to his obligations to pay child support, extracurricular fees, and attorney's fees. Id. We also denied the father's petition with regard to the mother's claims that the father had contemptuously violated the trial court's visitation orders. Id.
In Gallant III, which addressed appeal number 2151010, we affirmed in part and reversed in part the trial court's August 12, 2016, judgment denying the father's motion to set aside the trial court's January 19, 2016, judgment for lack of subject-matter jurisdiction. Specifically, we decided that, to the extent the trial court's January 19, 2016, judgment spoke to the parties' allegations of contempt resulting from failures to comply with the divorce judgment and modifications thereto, the trial court was within its jurisdiction to enforce its prior judgments; thus, we affirmed the denial of the father's Rule 60(b), Ala. R. Civ. P., motion insofar as it related to those claims. 229 So.3d at 802. We also determined that, because neither party continued to reside in Alabama and this state could no longer exercise jurisdiction over the parties pursuant to the UCCJEA at the time the trial court's January 19, 2016, judgment was entered, the trial court did not have subject-matter jurisdiction over the parties' respective visitation- and custody-modification claims. 229 So.3d at 801-02. Accordingly, we determined that the trial court had erred when it denied the father's Rule 60(b) motion seeking to set aside the trial court's January 19, 2016, judgment addressing those claims insofar as they spoke to a modification of visitation or custody of the children. Id. Accordingly, we reversed the August 12, 2016, judgment in part and remanded the cause for the entry of a judgment consistent with our opinion.
On remand, the trial-court judge who entered the January 19, 2016, judgment entered an order on February 18, 2017, vacating that judgment insofar as it "relates to issues of custody and/or visitation of the minor children of the parties" and recusing himself from further involvement with the case. The case was reassigned to a different judge, and, on April 19, 2017, the new trial judge entered an order stating that the trial court "has jurisdiction on the contempt issues as described in the .03 case and for the issues of the attorneys fees in the .02 case as the Court of Civil Appeals did not address the same." The trial court then set a hearing on the contempt issues for June 8, 2017. On April 21, 2017, the father filed a "motion to reconsider" with regard to a renewed motion to dismiss and a motion to transfer that had allegedly been filed by him.[1] The mother filed an amended complaint in case number DR-09-900071.03 on May 24, 2017, asserting additional counts of contempt against the father. The father filed an "objection/answer" to the mother's amended contempt complaint on August 2, 2017.
On August 7, 2017, the father filed a petition for a writ of mandamus with this court. The father filed an amendment to his petition on August 14, 2017, and the mother filed an answer to the father's petition, as amended.[2]
*354 Analysis
In his amended petition, the father raises four issues to be addressed by this court: (1) whether the trial court abused its discretion by failing to vacate that part of the January 19, 2016, judgment awarding the mother attorney's fees; (2) whether the trial court erred by failing to transfer the case to Maine; (3) whether the trial court erred by failing to dismiss the action for lack of in personam jurisdiction; and (4) whether the father's due-process rights were violated by the failure of both the mother and the trial court to comply with Rule 70A, Ala. R. Civ. P. We address these issues out of turn.
"Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when '(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked.' Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997) ). Review by mandamus is not appropriate where the petitioner has another adequate remedy, such as an appeal. Ex parte Jackson, 780 So.2d 681 (Ala. 2000) ; Ex parte Inverness Constr. Co., 775 So.2d 153 (Ala. 2000) ; Ex parte Walters, 646 So.2d 154 (Ala. Civ. App. 1994)."
Ex parte Amerigas, 855 So.2d 544, 546-47 (Ala. Civ. App. 2003).
We note first that the issue raised by the father in his mandamus petition, as amended, with regard to his due-process rights having been violated may be reviewed on appeal once the trial court enters a final judgment. "A petition for a writ of mandamus may not be granted where the petitioner has an adequate remedy by appeal." Ex parte Amerigas, 855 So.2d at 547. Accordingly, the father's petition is denied as to that issue.
With regard to the father's issue asserting that the trial court erred by failing to transfer the case, we note that the materials before this court do not reveal that a motion to transfer was filed by the father in the trial court, and there is no indication that the trial court entered a ruling adverse to the father on any such motion. The only mention of a motion to transfer in the materials presented to this court by the father appears in the father's April 21, 2017, motion to reconsider, which suggests that the issue was argued at the April 19, 2017, hearing. To the extent the trial court's April 19, 2017, order, which does not mention a motion to transfer by the father or a denial thereof, may be considered a denial of any such motion, we note that the father's motion to reconsider did not toll the time for filing a petition for a writ of mandamus from that interlocutory order. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003). The father filed his petition for a writ of mandamus with this court on August 7, 2017, which is beyond the 42-day presumptively reasonable period for filing a petition for a writ of mandamus addressed to the April 19, 2017, order. See Norman v. Norman, 984 So.2d 427, 429 (Ala. Civ. App. 2007). Accordingly, as to the father's issue regarding a transfer of *355 the case, his petition is untimely and we decline to consider that issue.
With regard to the father's issue asserting that the trial court lacks personal jurisdiction over him, we note that the father challenged the trial court's personal jurisdiction both in his answer to the mother's June 21, 2016, complaint and in his subsequent motion to dismiss that complaint. The trial court denied the father's motion to dismiss on August 12, 2016. The father raised the issue of personal jurisdiction before this court in Gallant II; we concluded, however, that because the father had failed to sufficiently cite authority in support of that argument as required by Rule 28, Ala. R. App. P., we would not consider that issue. 221 So.3d at 1122 n.1. Since the entry of the trial court's order denying the father's motion to dismiss, the trial court has made no further ruling adverse to the father on the issue of personal jurisdiction. Even assuming that the trial court's April 19, 2017, order was adverse to the father with regard to his previously asserted argument regarding personal jurisdiction, the father failed to timely petition this court for a writ of mandamus thereafter. See Norman, supra. Accordingly, the father's petition is due to be denied with regard to his argument regarding personal jurisdiction.
The father also asserts in his mandamus petition, as amended, that the trial court erred in failing to dismiss the mother's claim for contempt regarding the father's alleged failure to pay attorney's fees that had been awarded in the January 19, 2016, judgment. The father argues that, because this court set aside the trial court's January 19, 2016, judgment with regard to the mother's claims regarding modification and visitation in Gallant II, the trial court could not have awarded attorney's fees on the basis of those claims. Citing Neny v. Neny, 989 So.2d 565, 571 (Ala. Civ. App. 2008), for the proposition that, absent a finding of contempt, attorney's fees may not be awarded in an action alleging contemptuous conduct, the father asserts also that, because the trial court did not find either party in contempt, there was no other basis upon which to award attorney's fees, and, thus, he says, the trial court lacked subject-matter jurisdiction to enter that award. We interpret the father's arguments as an attempt to attack the award of attorney's fees in the January 19, 2016, judgment for lack of jurisdiction.
In Ex parte Landry, 117 So.3d 714, 718-19 (Ala. Civ. App. 2013), this court stated, in pertinent part:
"Interlocutory orders may be reviewed by a petition for a writ of mandamus. Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047, 1049 (Ala. 1996). However, it is not ' " 'the proper function of [a petition for a writ of mandamus] to re-examine, or correct errors in any judgment or decree....' " ' Ex parte C & D Logging, 3 So.3d 930, 936 (Ala. Civ. App. 2008) (quoting State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972), quoting in turn State v. Williams, 69 Ala. 311, 316 (1881) ). A petition for a writ of mandamus ' "cannot be used as a substitute for an appeal." ' Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1045 (Ala. Civ. App. 2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998) )."
As to this issue, the father seeks this court's review of the trial court's January 19, 2016, judgment. The errors he speaks of, however, may be addressed in either a Rule 60(b), Ala. R. Civ. P., motion speaking directly to the January 19, 2016, judgment[3] or in an appeal to this court upon *356 the entry of a final judgment in the present case. Because the father has another adequate remedy available to him to challenge the propriety of the attorney's fee awarded in the January 19, 2016, judgment, the father's petition is due to be denied. See Ex parte Amerigas, supra.
Based on the foregoing, we conclude that the father's petition is due to be denied.
PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

Neither the father nor the mother submitted as an exhibit to this court a renewed motion to dismiss or a motion to transfer that had been filed by the father.

After the father filed his mandamus petition with this court on August 7, 2017, the proceedings continued before the trial court. On August 10, 2017, the trial court entered an order on the mother's contempt claims. Because that order did not address the mother's request for declaratory relief regarding the sale of the marital residence and the distribution of the proceeds derived from that sale, that order failed to dispose of all the claims raised in the mother's complaint and is not yet final. Thus, the remedy of an appeal is not yet available to the father. Because the trial court's order was entered after the father filed his petition for a writ of mandamus with this court, the propriety of the August 10, 2017, order and the issues raised by the father insofar as they may relate to that order are not before us at this time.

This court determined in Gallant II that the father's August 10, 2016, motion to set aside the January 19, 2016, judgment was filed pursuant to Rule 60(b)(4), Ala. R. Civ. P. 221 So.3d at 1122. As discussed previously, we also determined in that case that the mother's assertion that the father had contemptuously failed to pay attorney's fees did not involve child-custody matters. Id. at 1123. In Gallant III, this court affirmed the trial court's judgment entered on the father's Rule 60(b)(4) motion "to the extent that it spoke to the parties' contempt claims and other claims that did not involve child-custody matters." 229 So.3d at 802. In accordance with this court's previous opinions, we note that, to date, the father has failed to raise the issue of the trial court's lack of jurisdiction with regard to its award of attorney's fees in the January 19, 2016, judgment before the trial court at any time. We note further that the father has failed to make any argument in his petition indicating that the trial court lacked jurisdiction to enter its April 19, 2017, order, instead limiting his arguments to the trial court's purported lack of jurisdiction to award attorney's fees to the mother in the January 19, 2016, judgment.