MOORE, Judge.
Matthew Gallant ("the father") appeals from a judgment of the Elmore Circuit *91 Court ("the trial court") that, among other things, found him in contempt of a previous judgment divorcing him from Rebecca Gallant ("the mother"). We dismiss the appeal, albeit with instructions to the trial court.
Procedural History
These parties have previously appeared before this court in Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014) ; Ex parte Gallant, 221 So.3d 1120 (Ala. Civ. App. 2016) (" Gallant II"); Gallant v. Gallant, 229 So.3d 797 (Ala. Civ. App. 2017) (" Gallant III"); Ex parte Gallant, 261 So.3d 350 (Ala. Civ. App. 2017) (" Gallant IV"); and Gallant v. Gallant, [Ms. 2170097, June 29, 2018] --- So. 3d ---- (Ala. Civ. App. 2018) (" Gallant V"). In Gallant IV, this court summarized the procedural background of the case:
" 'On August 29, 2009, the trial court entered a judgment in case number DR-09-900071, divorcing the father and [the mother]. That judgment, which incorporated a settlement agreement entered into by the parties, awarded the mother sole physical custody of the parties' five children, subject to the father's right to visitation, awarded the parties joint legal custody of the children, and ordered the father to pay child support and other financial support to the mother. On May 5, 2012, the father filed a contempt petition, which was assigned case number DR-09-900071.01. He later amended his petition to request that the custody provisions of the divorce judgment be modified to award him sole legal and physical custody of the parties' children. In that same action, the mother filed a counterclaim seeking modification of the custody and visitation provisions of the divorce judgment, as well as a finding of contempt against the father. On February 28, 2014, the trial court entered a judgment that, among other things, awarded the mother sole legal and physical custody of the children and modified the visitation rights of the father. This court affirmed that judgment. See Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014).
" 'On June 18, 2014, the father filed a petition alleging that the mother had contemptuously violated various provisions of the 2009 divorce judgment and seeking custody of the children. That petition was assigned case number DR-09-900071.02. On July 28, 2014, the mother filed a counterclaim, which was assigned case number DR-09-900071.03. After a trial, the trial court, on January 19, 2016, denied the father's petition and the mother's counterclaim by rendering a single judgment that was entered in both case number DR-09-900071.02 and case number DR-09-900071.03. Neither party appealed from the judgment entered in those cases.
" 'On June 21, 2016, the mother filed a contempt and modification complaint under case number DR-900071.03. On August 10, 2016, the father filed a motion to dismiss that contempt and modification complaint. In that motion, the father also moved the trial court to set aside the January 19, 2016, judgment entered in case number DR-09-900071.02 and in case number DR-09-900071.03 for lack of subject-matter jurisdiction. The trial court, on August 12, 2016, denied the father's motion to dismiss and his motion to set aside by rendering a single order that was entered in both case number DR-09-900071.02 and case number DR-09-900071.03. The father filed his petition for a writ of mandamus on August 30, 2016.'
" [Gallant II,] 221 So.3d at 1121-22.
*92 "In Gallant II, the father filed a petition for a writ of mandamus, arguing that the trial court had erred in denying his motion to set aside the January 19, 2016, judgment and that the trial court had erred in denying his motion to dismiss the contempt and modification complaint filed by the mother, in case number DR-09-900071.03, on June 21, 2016. We concluded that the father had filed his motion to set aside the January 19, 2016, judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P., and elected to treat that portion of the father's petition as an appeal that would be, and was, addressed separately in appeal number 2151010. 221 So.3d at 1122. With regard to the father's motion to dismiss, we granted in part and denied in part the father's petition for a writ of mandamus. Specifically, we determined that the trial court did not have subject-matter jurisdiction over the mother's claim regarding visitation and/or modification, and we issued the writ of mandamus to require the trial court to dismiss that claim. 221 So.3d at 1123. We observed that the father's motion to dismiss relied solely on the Uniform Child Custody Jurisdiction and Enforcement Act ('the UCCJEA'), Ala. Code 1975, § 30-3B-101 et seq., and, thus, because the mother's claims that the father had contemptuously failed to pay child support, extracurricular fees, and attorney's fees did not involve child-custody matters, we construed the father's motion to dismiss as relating solely to the visitation claims made in the mother's complaint. Id. Accordingly, we denied the father's petition insofar as the mother's claims addressed the father's alleged contemptuous failure to abide by the trial court's earlier judgments related to his obligations to pay child support, extracurricular fees, and attorney's fees. Id. We also denied the father's petition with regard to the mother's claims that the father had contemptuously violated the trial court's visitation orders. Id.
"In Gallant III, which addressed appeal number 2151010, we affirmed in part and reversed in part the trial court's August 12, 2016, judgment denying the father's motion to set aside the trial court's January 19, 2016, judgment for lack of subject-matter jurisdiction. Specifically, we decided that, to the extent the trial court's January 19, 2016, judgment spoke to the parties' allegations of contempt resulting from failures to comply with the divorce judgment and modifications thereto, the trial court was within its jurisdiction to enforce its prior judgments; thus, we affirmed the denial of the father's Rule 60(b), Ala. R. Civ. P., motion insofar as it related to those claims. 229 So.3d at 802. We also determined that, because neither party continued to reside in Alabama and this state could no longer exercise jurisdiction over the parties pursuant to the UCCJEA at the time the trial court's January 19, 2016, judgment was entered, the trial court did not have subject-matter jurisdiction over the parties' respective visitation- and custody-modification claims. 229 So.3d at 801-02. Accordingly, we determined that the trial court had erred when it denied the father's Rule 60(b) motion seeking to set aside the trial court's January 19, 2016, judgment addressing those claims insofar as they spoke to a modification of visitation or custody of the children. Id. Accordingly, we reversed the August 12, 2016, judgment in part and remanded the cause for the entry of a judgment consistent with our opinion.
"On remand, the trial-court judge who entered the January 19, 2016, judgment entered an order on February 18, 2017, vacating that judgment insofar as it 'relates *93 to issues of custody and/or visitation of the minor children of the parties' and recusing himself from further involvement with the case."
261 So.3d at 351-53.
Following this court's reversal in Gallant III, the mother amended her complaint, asserting additional counts of contempt against the father. Gallant V, --- So. 3d at ----. The trial court entered a judgment on August 10, 2017, finding the father in contempt for his failure to pay child support, for his failure to pay his portion of expenses for extracurricular activities and other fees for the children, for his failure to pay for one of the children's braces, and for his failure to pay attorney's fees that had been awarded in the divorce judgment. Id. The father appealed to this court, and, in Gallant V, we affirmed the trial court's judgment. --- So. 3d at ----.
Meanwhile, on September 25, 2017, the mother filed in the trial court a petition for contempt against the father, asserting that the father had denied the mother custody of the children since June 21, 2017, that he had obtained a protection-from-abuse order against her from a court in Maine, and that the Maine court had issued a temporary order on September 20, 2017. The mother attached to her petition, among other things, the protection-from-abuse order that was issued by the Maine court, which awarded temporary custody of the parties' children to the father, and the addendum thereto, which ordered, among other things, that the mother's contact with the children was to be supervised and that the father's child-support payments were suspended. The addendum also stated, in pertinent part: "This order can be modified by agreement, by further court order, and [by] Family Court order." The mother filed an amended petition for contempt on October 6, 2017; she asserted, in addition to her previous claims, that the father had failed to pay child support for the month of September 2017, that the father had failed to make payments as ordered by the trial court on August 10, 2017, regarding an automobile-insurance claim for one of the parties' children, and that the father had failed to maintain health insurance on one of the parties' children as ordered by the trial court.
On October 12, 2017, the mother filed in the trial court a motion for the immediate return of the children. On October 13, 2017, the trial court entered an order granting that motion and directing the father to return the children to the mother. The mother filed a motion to show cause on October 17, 2017, asserting that the father had failed to return the children to the mother. On October 24, 2017, the father's attorney filed a notice of appearance "for the limited purpose of moving for dismissal of th[e] matter for want of personal and subject-matter jurisdiction"; the father filed a motion to dismiss on that same date, asserting lack of personal and subject-matter jurisdiction and insufficiency of service of process. The father included in his motion to dismiss a motion for sanctions and a request for attorney's fees, asserting that the mother had made false statements to the trial court and that her contempt claims were without substantial justification.
The trial court entered an order on the mother's motion to show cause on November 14, 2017; it granted the mother's motion, finding the father in contempt and directing him to immediately return the children to the mother. The mother filed a motion for sanctions on December 14, 2017, asserting that the father had failed to return the children to her custody until December 6, 2017, when a New York court ordered the father to return the children to the mother; she sought a finding of contempt against the father and an award *94 of attorney's fees. On February 21, 2018, the trial court entered an order finding that the father had violated the trial court's October 13, 2017, order by failing to return the children to the mother, that the father had canceled the children's health insurance, and that the mother had incurred medical expenses on the children's behalf. It found the father in contempt and entered a judgment against him in the amount of $11,341, which amount represented the medical expenses owed by the father, the child-support arrearage owed by the father, and attorney's fees. The father timely filed his notice of appeal to this court.
Analysis
The father asserts on appeal that the trial court erred in denying his motion to dismiss and that the trial court lacked subject-matter jurisdiction over the mother's contempt petition. We agree.
The father argues that the trial court had lost exclusive continuing jurisdiction over custody disputes between the parties because neither the parties nor the children remain residents of Alabama and because the order issued by the Maine court was the controlling order, thereby depriving the trial court of jurisdiction.
Section 30-3B-206(a), Ala. Code 1975, a part of the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, provides:
"Except as otherwise provided in Section 30-3B-204, [Ala. Code 1975,] a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 30-3B-207[, Ala. Code 1975]."
Section 30-3B-102(4), Ala. Code 1975, defines a "child custody proceeding" as "[a] proceeding in a court in which legal custody, physical custody, or visitation with respect to a child is an issue" and notes that that term includes a proceeding for protection from domestic violence. Thus, the father's protection-from-abuse action in the Maine court, which both considered and ruled upon the children's custody, commenced a proceeding concerning the custody of the children in Maine, presumably pursuant to the Maine court's temporary emergency jurisdiction, before the mother filed her contempt petition in the trial court. The trial court did not make a finding indicating that the Maine court did not have jurisdiction to enter its temporary order pursuant to its temporary emergency jurisdiction or otherwise. Also, there is no indication in the record that, at the time the trial court entered its judgment directing the father to return the children to the mother's custody, the proceeding in Maine had been terminated or stayed because the trial court was a more convenient forum. Thus, in accordance with § 30-3B-206(a), the trial court was not entitled to exercise jurisdiction over custody issues between the parties under the UCCJEA in the present case. This court decided in Gallant II that the trial court had lost continuing exclusive jurisdiction to modify custody between the parties, see 221 So.3d at 1123 ; thus, the trial court would not have had jurisdiction to modify the order entered by the Maine court as it pertained to custody of the children. Accordingly, we conclude that the trial court lacked subject-matter jurisdiction over the mother's contempt petition. [1]
*95 Because a judgment entered by a trial court lacking subject-matter jurisdiction is void and will not support an appeal, we dismiss the father's appeal, albeit with instructions to the trial court to vacate all orders entered by the trial court stemming from the filing of the mother's September 25, 2017, contempt petition. See Morgan v. Morgan, 183 So.3d 945, 954 (Ala. Civ. App. 2014).
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

Because the trial court did not acquire subject-matter jurisdiction over the action at the time the mother filed her original petition for contempt, which alleged only issues related to the custody of the children, the mother's amendment to the petition, alleging additional issues, was a nullity. See Ex parte Owens, 65 So.3d 953, 956-57 (Ala. Civ. App. 2010).