DONALDSON, Judge.
Hugh B. McCall, the director of the Alabama- Department of Public Safety (“the director”), appeals the judgment of the Limestone Circuit Court (“the trial *1108 court”) finding him in contempt and imposing sanctions, against him in the amount of $1,500. Because the process leading to the adjudication of contempt was insufficient, we reverse.

Facts and Procedural History

Joshua Derek Morgan, as administrator of the estate of Jamie Lee Gossett, deceased, filed a wrongful-death claim against, among others, Alabama State Trooper Heath Moss, alleging that Moss had negligently and/or wantonly caused the death of Jamie Lee Gossett when the patrol vehicle he was driving collided with the vehicle the Gossetts occupied. During the course of that litigation, Morgan served subpoenas on witnesses Thomas Taylor and John Singletary for depositions to be held on March 29, 2012. Taylor and Singletary are Alabama State Troopers employed by the Alabama Department of Public Safety (“ADPS”). Taylor and Sin-gletary did not appear for the scheduled depositions. Morgan filed a motion requesting that the trial court hold Taylor and Singletary in contempt for failing to attend the depositions and that it assess the costs of the missed depositions against them. Through counsel for ADPS, Taylor and Singletary jointly objected to the motion. On June 21, 2012, the trial court held a hearing on Morgan’s contempt motion against Taylor and Singletary. The trial court entered an order on August 14, 2012, ordering Taylor and Singletary to appear for depositions and ordering sanctions against Singletary in the amount of $1,500. On January 24, 2013, Singletary filed a motion to set aside the finding of contempt and sanctions. The trial court held a hearing on Singletary’s motion on March 14, 2013. On March 21, 2013, the trial court entered an order in which it held, among other things, that Singletary had received a subpoena before the scheduled March 29, 2012, deposition date but that he had received “two (2) separate documents sent by the [ADPS] to Trooper Singletary that instructed him not to appear for the deposition.” The trial court set aside the contempt finding against Sin-gletary, but it found “that contempt sanctions are warranted against the Director of the [ADPS] for $1,500.00” because “the [ADPS] willfully instructed a subpoenaed material witness to ignore and refuse attendance for a deposition that had been coordinated and scheduled with attorneys for the [ADPS].” The director was not given notice of the March 14, 2013, hearing, nor was he provided with the process that led to the contempt sanction. The director timely appealed the trial court’s order.

Standard of Review

The standard of review this court follows concerning a trial court’s finding of civil contempt is well settled:
“The issue whether to hold a party in contempt is solely within the discretion of the trial court, and a trial court’s contempt determination will not be reversed on appeal absent a showing that the trial court acted outside its discretion or that its judgment is not supported by the evidence. Brown v. Brown, 960 So.2d 712, 716 (Ala.Civ.App.2006) (affirming a trial court’s decision not to hold a parent in contempt for failure to pay child support when the parent testified that he had deducted from his monthly child-support payment the amount he had expended to buy clothes for the children).”
Poh v. Poh, 64 So.3d 49, 61 (Ala.Civ.App. 2010).

Discussion

In his appeal to this court, the director raises two issues for review: 1) whether the trial court’s contempt order violates § 14, Ala. Const.1901, and 2) *1109 whether the trial court erred by failing to follow the procedural requirements for conducting contempt proceedings pursuant to Rule 70A, Ala. R. Civ. P. We address the director’s argument regarding the trial court’s failure to follow the procedural requirements of Rule 70A first.
Rule 70A “applies] to all civil or criminal contempt proceedings arising out of civil actions.” Rule 70A(a)(l). Rule 70A distinguishes between “direct” and “constructive” contempt:
“(2) Definitions.
“(A) ‘Direct contempt’ means disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, that disturbs the court’s business, where all of the essential elements of the misconduct occur in the presence of the court and are actually observed by the court, and where immediate action is essential to prevent diminution of the court’s dignity and authority before the public.
“(B) ‘Constructive contempt’ means any criminal or civil contempt other than a direct contempt.”
Rule 70A(a)(2). It is undisputed that the alleged misconduct of the director that led to the adjudication of contempt was not committed in open court in the presence of the judge; therefore, the trial court’s finding of contempt was based upon allegedly constructive contempt.
“A proceeding based on constructive contempt, whether criminal or civil, shall be subject to the rules of civil procedure. The proceeding shall be initiated by the filing of a petition seeking a finding of contempt.... The petition shall provide the alleged contemnor with notice of the essential facts constituting the alleged contemptuous conduct.”
Rule 70A(e)(l). This court has recently stated:
“The contemptuous conduct in this case was not committed in court and did not interrupt the proceedings; rather, the [accusedj’s conduct was ‘committed outside the presence of the court and [was] characterized by the act of disobeying the court’s orders.’ State v. Thomas, 550 So.2d [1067] at 1072 [ (Ala.1989) ]. See also Ex parte Sheffield, 120 So.3d [1091] at 1093-95 [(Ala.Civ.App. 2013) ] (discussing the differences between direct and constructive contempt under Rule 70A). Accordingly, the contempt finding at issue was one of constructive contempt. Id.) see also Dreading v. Dreading, 84 So.3d 935, 938 (Ala.Civ.App.2011). However, as in Ex parte Sheffield, ‘[t]here is no indication in the record that the contempt proceeding was initiated by the filing of a petition, that the trial-court clerk issued process for such a petition in accordance with the Rules of Civil Procedure, or that a hearing on such a petition was conducted.’ 120 So.3d at 1094. The [accused] was provided no notice that the issue of constructive contempt would be considered at the hearing. It is clear from the record that the procedures afforded under Rule 70A(c) to assert and support a claim of constructive contempt were not followed in this case.”
S.T.W. v. T.N., 141 So.3d 1083, 1088 (Ala.Civ.App.2013). There is no iñdication that a petition was filed seeking a finding of contempt against the director or that the director was provided “notice of the essential facts constituting the alleged contemptuous conduct.” Rule 70A(c)(l). Morgan fails to address the director’s argument that the process leading to the contempt adjudication denied the director procedural due process, and in fact Morgan’s brief fails to reference Rule 70A at all. Therefore, we hold that the trial court’s order of contempt was entered without affording *1110 the director procedural due process, and we reverse that order.
Because we find that the trial court failed to follow the procedures set forth under Rule 70A for finding a person in contempt, we pretermit discussion of the remaining issue raised by the director.

Conclusion

Based on the foregoing facts and author-. ities, we reverse the trial court’s order of March 21, 2013, insofar as it found the director in contempt, and we remand the cause with instructions to vacate the contempt finding.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.