THOMPSON, Presiding Judge.
Alvin A. Bullock and Helen Bullock Johnson (“the Bullocks”) appeal from a judgment entered by the Madison Circuit Court (“the trial court”) determining that Donald W. Howton is the owner of a 3.48-acre tract of land (“the disputed property”).
On August 7, 1973, Grady H. Stapler, Howton’s predecessor in title, filed a complaint in the trial court, together with a survey of his property (“the 1973 survey”), seeking a judgment declaring the legal boundary lines between his property and the surrounding, contiguous properties. Stapler’s complaint named as defendants the owners, including the Bullocks, of the contiguous properties. Stapler’s complaint contained two descriptions of his property: the first was a general description referencing section lines (“the general description”), and the second was a more specific metes and bounds description (“the specific description”) that identified a fence line (“the original fence”) shown on the 1973 survey. According to the specific description and the 1973 survey, the original fence served as the southern boundary of Stapler’s property and as the northern boundary of the Bullocks’ property. Stapler’s complaint asked the trial court to establish the boundary lines, one of which he asserted was the original fence, set forth in the specific description and the 1973 survey as the “specific, actual[,] and true boundary lines” of his property. The Bullocks did not defend against Stapler’s action because, according to Helen, “[tjhere was nothing to disagree about.”
On January 25, 1974, the trial court entered a judgment (“the 1974 judgment”) in which it determined that “the boundary lines of [Stapler’s] property as relates to the defendants ... are as determined and represented on [the 1973 survey] ..., which are the same boundary lines as set out in [the specific description].” Thus, the 1974 judgment established the original fence as the boundary line between Stapler’s property and the Bullocks’ property.
On February 4, 1974, Stapler conveyed his property to Howton by means of a warranty deed (“the first deed”). Howton testified that he was aware of Stapler’s action to establish the boundary lines of Stapler’s property at the time he purchased the property. The first deed used both the general description and the specific description that had been used in both Stapler’s complaint and the trial court’s 1974 judgment.
Approximately one year later, Howton asked Stapler for another deed, and, on June 6, 1975, he received a second deed (“the second deed”) from Stapler that conveyed essentially the same property as the first deed conveyed. However, at How-ton’s request, the second deed contained only the general description of the property referencing the section lines; it did not include the specific description referencing the original fence that had been used in Stapler’s complaint, the 1974 judgment, and the first deed. Howton testified that he had requested the second deed because he did not want the southern boundary of his property to be limited to the location of the original fence but, instead, wanted his property to extend to the section line, which lies south of the original fence. However, Howton admitted that, according to the 1973 survey and the 1974 judgment, the original fence is the boundary line between his property and the Bullocks’ property.
In 2011, Howton built a new fence (“the new fence”) enclosing the disputed property. The new fence runs along the section line, which is essentially parallel to the original fence and is approximately 380 feet south of the original fence. On October 15, 2012, Howton filed a complaint in *1272 the trial court to quiet title to the property that he had received from Stapler, as well as the disputed property, which is located between the original fence and the new fence. Howton alleged that, because the second deed identifies the section line as the southern boundary of his property, the new fence constitutes the true southern boundary line.
On December 27, 2012, the Bullocks filed an answer in which they denied that Howton was the owner of the disputed property; they also filed a counterclaim in which they alleged that the new fence constitutes a continuing trespass and sought a declaration that they are the true owners of the disputed property. On July 2, 2013, the Bullocks amended their answer and asserted res judicata as an affirmative defense. In support of the res judicata defense, the Bullocks argued that the boundary line between Howton’s property and the Bullocks’ property had been determined by the 1974 judgment to be the original fence and, thus, that Howton was precluded from bringing the present action.
On March 5, 2014, the trial court entered a judgment determining that How-ton was the owner of the disputed property. Among other things, the judgment stated, in pertinent part:
“Relief for the plaintiff is not barred in this action by res judicata by the [1974] judgment.... There is no substantial identity between the parties in that proceeding and the instant case; and the two cases involve substantially different causes of action.”
On March 25, 2014, the Bullocks filed a motion to alter, amend, or vacate the judgment, which was denied by operation of law on June 23, 2014. See Rule 59.1, Ala. R. Civ. P. The Bullocks appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The Bullocks raise three issues on appeal: (1) whether the trial court erred in finding that there was not a substantial identity of the parties; (2) whether the trial court erred in finding that Stapler’s action and Howton’s action involved different causes of action; and (3) whether the trial court erred in failing to find that the new fence constitutes a trespass on the Bullocks’ property.
“[T]he application of [the doctrine of res judicata] is a question of law. Thus, the appropriate standard of review is de novo.” Walker v. Blackwell, 800 So.2d 582, 587 (Ala.2001).
‘“The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987). If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation.’ ”
Webb v. City of Demopolis, 14 So.3d 887, 894 (Ala.Civ.App.2008) (quoting Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala.1990)). The first two elements of res judicata are not in dispute in this case; it is the third and fourth elements that are dispositive.
Res judicata requires that there be a substantial identity of the parties in both the first action and the second action in which the defense of res judicata is asserted. In this case, the Bullocks were defendants in the action resulting in the 1974 judgment, and they are defendants in the present action. Thus, there is clearly substantial identity regarding the Bullocks.
*1273 Howton, on the other hand, was not a party to the action resulting in the 1974 judgment. However, “ ‘the “party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action Williams v. Moore, 36 So.3d 533, 539 (Ala.Civ.App.2008) (quoting Dairyland, 566 So.2d at 725, quoting in turn Whisman v. Alabama Power Co., 512 So.2d 78, 82 (Ala.1987)). It is well settled that “successors in title are in privity with their predecessors in title.” Williams, 36 So.3d at 540. Thus, because Howton is Stapler’s successor in title, and because Stapler was a party in the first action, privity exists, and the third element of res judicata is satisfied. As a result, the trial court erred in finding that there was not substantial identity of the parties.
The fourth element of res judicata requires that the same cause of action be presented in both actions.
“Discussing the same-cause-of-action element of res judicata, this Court has noted that ‘ “ ‘the principal test for comparing causes of action [for the application of res judicata ] is whether the primary right and duty or wrong are the same in each action.’ ” ’ Old Republic Ins. Co. v. Lanier, 790 So.2d 922, 928 (Ala.2000) (quoting Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir.1993)). This Court further stated: ‘ “Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.” ’ 790 So.2d at 928 (quoting Wesch, 6 F.3d at 1471). As a result, two causes of action are the same for res judicata purposes ‘ “when the same evidence is applicable in both actions.” ’ Old Republic Ins. Co., 790 So.2d at 928 (quoting Hughes v. Martin, 533 So.2d 188, 191 (Ala.1988)).”
Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 921 (Ala.2007). Though Stapler’s action was to establish a boundary line and Howton’s is to quiet title, the primary right sought to be enforced in both actions is the same and arises from the same nucleus of operative facts: that is, the determination of the location of the true boundary line between the Stapler/Howton property and the Bullocks’ property. During the hearing in the present action, Howton admitted to the following: that, when he purchased the property, he was aware of Stapler’s action to establish the boundary line between Stapler’s property and the Bullocks’ property; that the northern boundary line of the Bullocks’ property, according to the 1973 survey, was the original fence; and that the 1974 judgment established the original fence as the boundary line and quieted title in Stapler to the property that was north of the old fence. In addition, Howton testified that he asked Stapler for the second deed because he did not want to be limited by the original fence but, instead, wanted the property extended to the section line. Despite the fact that Howton’s complaint is cast as one to quiet title, it is evident from Howton’s testimony that his intention in initiating the present action was to establish a different boundary line between his property and the Bullocks’ property. However, if Stapler still owned the property today, the doctrine of res judicata would bar him from seeking to have the new fence established as the boundary line because that would be an issue that was or could have been litigated in Stapler’s 1973 action. See Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507, 517 (Ala.2002) (“Res judicata ... bars a party from asserting in a subsequent action a claim that it has already had an opportunity to litigate in a previous *1274 action.”). Howton, as Stapler’s successor in title, is also barred from seeking to establish a new boundary line between the properties. Res judicata dictates that the boundary line be the original fence. To hold otherwise would have the effect of nullifying the trial court’s judicial establishment of the boundary line more than 40 years earlier.
We note that the doctrine of res judicata would not bar Howton’s claim to the disputed property under the theory of adverse possession. In his complaint, How-ton alleged that he has been “in the actual, peaceable, notorious, adverse possession of the [disputed] property ... for a period of ten or more consecutive years.” The trial court’s judgment clearly indicates that it based its decision on a finding that res judicata did not bar Howton’s action. The trial court made no finding regarding the theory of adverse possession. This court makes no determination as to whether Howton presented evidence on that theory or the sufficiency of any such evidence.
For the reasons set forth in this opinion, the judgment of the trial court is reversed. Because we hold that the trial court erred in finding that Howton was the owner of the disputed property, the Bullocks’ trespass claim remains viable. Thus, the cause is remanded for resolution of any adverse-possession or trespass claims that may remain pending. .
The Bullocks’ request for an award of attorney fees is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.