MOORE, Judge.
Matthew Gallant ("the father") appeals from a judgment of the Elmore Circuit Court ("the trial court") finding him in contempt of a previous judgment divorcing him from Rebecca Gallant ("the mother") and awarding the mother expenses and fees. We affirm the trial court's judgment.
Procedural History
These parties have previously appeared before this court in Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014) ; Ex parte Gallant, 221 So.3d 1120 (Ala. Civ. App. 2016) (" Gallant II"); Gallant v. Gallant, 229 So.3d 797 (Ala. Civ. App. 2017) (" Gallant III"); and Ex parte Gallant, 261 So.3d 350, 2017 WL 5016614 (Ala. Civ. App. 2017) (" Gallant IV''). In Gallant IV, this court summarized the procedural background of the case:
" 'On August 29, 2009, the trial court entered a judgment in case number DR-09-900071, divorcing the father and [the mother]. That judgment, which incorporated a settlement agreement entered into by the parties, awarded the mother sole physical custody of the parties' five children, subject to the father's right to visitation, awarded the parties joint legal custody of the children, and ordered the father to pay child support and other financial support to the mother. On May 5, 2012, the father filed a contempt petition, which was assigned case number DR-09-900071.01. He later amended his petition to request that the custody provisions of the divorce judgment be modified to award him sole legal and physical custody of the parties' children. In that same action, the mother filed a counterclaim seeking modification of the custody and visitation provisions of the divorce judgment, as well as a finding of contempt against the father. On February *989 28, 2014, the trial court entered a judgment that, among other things, awarded the mother sole legal and physical custody of the children and modified the visitation rights of the father. This court affirmed that judgment. See Gallant v. Gallant, 184 So.3d 387 (Ala. Civ. App. 2014).
" 'On June 18, 2014, the father filed a petition alleging that the mother had contemptuously violated various provisions of the 2009 divorce judgment and seeking custody of the children. That petition was assigned case number DR-09-900071.02. On July 28, 2014, the mother filed a counterclaim, which was assigned case number DR-09-900071.03. After a trial, the trial court, on January 19, 2016, denied the father's petition and the mother's counterclaim by rendering a single judgment that was entered in both case number DR-09-900071.02 and case number DR-09-900071.03. Neither party appealed from the judgment entered in those cases.
" 'On June 21, 2016, the mother filed a contempt and modification complaint under case number DR-900071.03. On August 10, 2016, the father filed a motion to dismiss that contempt and modification complaint. In that motion, the father also moved the trial court to set aside the January 19, 2016, judgment entered in case number DR-09-900071.02 and in case number DR-09-900071.03 for lack of subject-matter jurisdiction. The trial court, on August 12, 2016, denied the father's motion to dismiss and his motion to set aside by rendering a single order that was entered in both case number DR-09-900071.02 and case number DR-09-900071.03. The father filed his petition for a writ of mandamus on August 30, 2016.'
"[ Gallant II,] 221 So.3d at 1121-22.
"In Gallant II, the father filed a petition for a writ of mandamus, arguing that the trial court had erred in denying his motion to set aside the January 19, 2016, judgment and that the trial court had erred in denying his motion to dismiss the contempt and modification complaint filed by the mother, in case number DR-09-900071.03, on June 21, 2016. We concluded that the father had filed his motion to set aside the January 19, 2016, judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P., and elected to treat that portion of the father's petition as an appeal that would be, and was, addressed separately in appeal number 2151010. 221 So.3d at 1122. With regard to the father's motion to dismiss, we granted in part and denied in part the father's petition for a writ of mandamus. Specifically, we determined that the trial court did not have subject-matter jurisdiction over the mother's claim regarding visitation and/or modification, and we issued the writ of mandamus to require the trial court to dismiss that claim. 221 So.3d at 1123. We observed that the father's motion to dismiss relied solely on the Uniform Child Custody Jurisdiction and Enforcement Act ('the UCCJEA'), Ala. Code 1975, § 30-3B-101 et seq., and, thus, because the mother's claims that the father had contemptuously failed to pay child support, extracurricular fees, and attorney's fees did not involve child-custody matters, we construed the father's motion to dismiss as relating solely to the visitation claims made in the mother's complaint. Id. Accordingly, we denied the father's petition insofar as the mother's claims addressed the father's alleged contemptuous failure to abide by the trial court's earlier judgments related to his obligations to pay child support, extracurricular fees, and attorney's fees. Id. We also denied the *990 father's petition with regard to the mother's claims that the father had contemptuously violated the trial court's visitation orders. Id.
"In Gallant III, which addressed appeal number 2151010, we affirmed in part and reversed in part the trial court's August 12, 2016, judgment denying the father's motion to set aside the trial court's January 19, 2016, judgment for lack of subject-matter jurisdiction. Specifically, we decided that, to the extent the trial court's January 19, 2016, judgment spoke to the parties' allegations of contempt resulting from failures to comply with the divorce judgment and modifications thereto, the trial court was within its jurisdiction to enforce its prior judgments; thus, we affirmed the denial of the father's Rule 60(b), Ala. R. Civ. P., motion insofar as it related to those claims. 229 So.3d at 802. We also determined that, because neither party continued to reside in Alabama and this state could no longer exercise jurisdiction over the parties pursuant to the UCCJEA at the time the trial court's January 19, 2016, judgment was entered, the trial court did not have subject-matter jurisdiction over the parties' respective visitation- and custody-modification claims. 229 So.3d at 801-02. Accordingly, we determined that the trial court had erred when it denied the father's Rule 60(b) motion seeking to set aside the trial court's January 19, 2016, judgment addressing those claims insofar as they spoke to a modification of visitation or custody of the children. Id. Accordingly, we reversed the August 12, 2016, judgment in part and remanded the cause for the entry of a judgment consistent with our opinion.
"On remand, the trial-court judge who entered the January 19, 2016, judgment entered an order on February 18, 2017, vacating that judgment insofar as it 'relates to issues of custody and/or visitation of the minor children of the parties' and recusing himself from further involvement with the case."
261 So.3d at 353, 2017 WL 5016614.
In response to a motion filed by the mother, the case was reassigned to a different judge. On March 8, 2017, the father filed a "renewed motion to dismiss and/or motion to transfer." On April 19, 2017, the trial court entered an order stating that it "has jurisdiction on the contempt issues as described in the .03 case and for the issues of the attorneys fees in the .02 case as the Court of Civil Appeals did not address the same." The trial court then set a hearing on the contempt issues for June 8, 2017; that hearing was ultimately reset for August 10, 2017. On April 21, 2017, the father filed a "motion to reconsider" with regard to his renewed motion to dismiss or to transfer the case. The mother filed an amended complaint in case number DR-09-900071.03 on May 24, 2017, asserting additional counts of contempt against the father. The father filed an "objection/answer" to the mother's amended complaint on August 2, 2017.
On August 7, 2017, the mother filed a motion, again seeking to amend her complaint. On that same date, the father filed in the trial court a response to the mother's motion to amend her complaint and a "renewed motion to stay, continue, or transfer." Also on August 7, 2017, the father filed the petition for a writ of mandamus that was at issue in Gallant IV.
On August 8, 2017, the trial court entered an order granting the mother's motion to amend her complaint and a separate order denying the father's motion to stay. The mother filed a motion seeking fees and expenses on August 9, 2017. A hearing was held on August 10, 2017. On that same date, the father filed an amended *991 motion to reconsider regarding his April 21, 2017, renewed motion to dismiss or to transfer the case. The trial court entered an order on that same date, denying the father's amended motion to reconsider. Also on August 10, 2017, the trial court entered a judgment on the mother's complaint for contempt, finding the father in contempt for his failure to pay child support, his failure to pay his portion of extracurricular activities and fees, his failure to pay his portion for one of the children's braces, and his failure to pay attorney's fees that had been awarded in the divorce judgment. The trial court directed, among other things, that the father be taken into custody and held pending the payment of $24,182.60, the total of the amounts for which the father was in arrears for his contemptuous behavior as well as an amount for fees and expenses, as requested by the mother. The father filed a motion to alter, amend, or vacate the judgment on August 14, 2017. On September 5, 2017, the mother filed a response to the father's postjudgment motion. The trial court entered an order on September 27, 2017, denying the father's postjudgment motion. The father filed his notice of appeal to this court on October 20, 2017.
On November 3, 2017, this court released its opinion denying the father's petition for a writ of mandamus in Gallant IV. We concluded that the father's petition was untimely with regard to certain issues and that other issues could be properly raised in an appeal from a final judgment. 261 So.3d at 355-56, 2017 WL 5016614.
Analysis
The father first argues on appeal that the trial court erred by failing to vacate the attorney's fees awarded to the mother in the trial court's January 19, 2016, judgment. He asserts that that award of attorney's fees is void. In Gallant IV, this court stated, in pertinent part:
"The father argues that, because this court set aside the trial court's January 19, 2016, judgment with regard to the mother's claims regarding modification and visitation in Gallant III, the trial court could not have awarded attorney's fees on the basis of those claims. Citing Neny v. Neny, 989 So.2d 565, 571 (Ala. Civ. App. 2008), for the proposition that, absent a finding of contempt, attorney's fees may not be awarded in an action alleging contemptuous conduct, the father asserts also that, because the trial court did not find either party in contempt, there was no other basis upon which to award attorney's fees, and, thus, he says, the trial court lacked subject-matter jurisdiction to enter that award."
261 So.3d at 355, 2017 WL 5016614. In Gallant IV, we interpreted the father's arguments as an attempt to attack the award of attorney's fees in the January 19, 2016, judgment for lack of jurisdiction, but we declined to further address the issue because the petition followed an interlocutory order and the father had another adequate remedy for review. 261 So.3d at 355-56, 2017 WL 5016614. The father reasserted those same arguments in his postjudgment motion before the trial court, and he reasserts them before this court in his present appeal.
In awarding attorney's fees to the mother in its January 19, 2016, judgment, the trial court stated, in pertinent part:
"Because the Court finds that the [father] initiated this action without substantial justification, as was evident by the evidence presented at the [f]inal [h]earing, he is assessed and shall pay to the [mother] attorney fees in the amount of $7,500.00 not later than 120 days of the date of this Order."
*992 The mother argued in her answer to the father's mandamus petition in Gallant IV that the trial court's award of attorney's fees was based on the Alabama Litigation Accountability Act ("the ALAA"), § 12-19-270 et seq., Ala. Code 1975. Section 12-19-272(c), Ala. Code 1975, a part of the ALAA, provides, in pertinent part, that "[t]he court shall assess attorney's fees and costs against any party or attorney if the court ... finds that an attorney or party brought an action ... without substantial justification." Clearly, the trial court's award of attorney's fees mimics the language in § 12-19-272(c). The father failed to address this argument in his mandamus petition in Gallant IV, he has not addressed it in this appeal, and he has failed to otherwise assert that the trial court could not have relied on the ALAA in fashioning its award of attorney's fees to the mother. We note, however, that "[a] trial court's judgment may be affirmed on any correct basis." Jones-Williams Constr. Co. v. Town & Country Prop., L.L.C., 923 So.2d 321, 328 (Ala. Civ. App. 2005). Because we conclude that the trial court could have relied on the ALAA with regard to its award of attorney's fees in its January 19, 2016, judgment, we decline to conclude that that award is due to be vacated.
The father next argues that the trial court erred in failing to transfer the action. In Gallant IV, this court noted that the materials before us on the father's mandamus petition did not include the father's motion to transfer or any denial of that motion by the trial court. 261 So.3d at 354, 2017 WL 5016614. We noted, however, that, to the extent an order of the trial court could have been considered a denial of such a motion, the father's petition for a writ of mandamus was untimely following the entry of such an order. Id. Thus, we have not yet considered the issue of venue. The father cites the forum non conveniens statute, Ala. Code 1975, § 6-3-21.1, which provides:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to Section 30-3-5[, Ala. Code 1975 ].
"(b) The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to Section 6-3-20,[ Ala. Code 1975,] Section 6-3-21, [Ala. Code 1975,] or Alabama Rules of Civil Procedure."
The father asserts that, at all times relevant to this action, the parties and the children have lived in New York or Maine, that all acts or omissions are alleged to have occurred outside Alabama, and that the interest of justice is not served by requiring the parties to litigate over "1000 miles from the children's home state."
Section 30-3-5, Ala. Code 1975, the operation of which is not affected by § 6-3-21.1 (see § 6-3-21.1(a) ), provides:
"Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is *993 changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child's attaining majority, and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action."
In the present case, the mother sought to enforce a final judgment-i.e., the parties' divorce judgment-awarding child support and other expenses incident to the support of the parties' children. The trial court issued that final judgment; thus, venue in the trial court is in accordance with § 30-3-5(1). Additionally, because the mother is the current custodial parent, she was entitled to choose the venue in accordance with that statute. Because the trial court was a proper venue, the trial court did not err in denying the father's motion to transfer the action.
The father next argues on appeal that the mother's contempt complaint was due to be dismissed based on the trial court's lack of personal jurisdiction over him. The father has maintained at all times before the trial court since the mother filed her current complaint for contempt that the trial court lacked personal jurisdiction over him. He reiterated those arguments in open court on August 10, 2017, before testimony proceeded. The mother argues on appeal that this court specifically stated in Gallant II that the trial court retained jurisdiction over the father for purposes of contempt proceedings. In Gallant II, this court relied on Ex parte Stouffer, 214 So.3d 1192 (Ala. Civ. App. 2016), in which a majority of this court concluded that an Alabama court may exercise subject-matter jurisdiction over contempt proceedings to enforce its prior child-custody determination even if the children and the parents no longer reside in Alabama and Alabama otherwise has no other connection to the case. 221 So.3d at 1123. We concluded, based on Stouffer, that the trial court retained subject-matter jurisdiction over the mother's contempt claims. This court observed in Gallant IV that the father had raised the issue of personal jurisdiction before this court in Gallant II and that this court had concluded that we would not consider that issue because the father had failed to sufficiently cite authority in support of that argument as required by Rule 28, Ala. R. App. P. 261 So.3d at 355, 2017 WL 5016614. See also Gallant II, 221 So.3d at 1122 n.1.
In Bagley ex rel. Bagley v. Creekside Motors, Inc., 913 So.2d 441 (Ala. 2005), our supreme court observed that "the doctrine of the law of the case 'merely expresses the practice of courts generally to refuse to reopen what has been decided ....' " 913 So.2d at 445 (quoting Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912) ). Because this court specifically declined to address the father's arguments regarding personal jurisdiction in Gallant II, the question whether the trial court lacked personal jurisdiction in the present case has not yet been decided by this court such that the law-of-the-case doctrine is applicable. Accordingly, we proceed to address the father's argument regarding the trial court's lack of personal jurisdiction.
The father argues that neither the parties nor their children continue to reside in Alabama; thus, he asserts, according to the jurisdictional instructions of the Uniform *994 Interstate Family Support Act ("the UIFSA"), § 30-3D-101 et seq., Ala. Code 1975, the trial court has lost exclusive continuing jurisdiction of the case. He argues that the appropriate jurisdiction is the state where he resides. According to § 30-3D-201(a)(3), Ala. Code 1975, of the UIFSA, "[i]n a proceeding to establish or enforce a support order ..., a tribunal of this state may exercise personal jurisdiction over a nonresident individual" if, among other things, "the individual resided with the child in this state." The father does not dispute that he has resided with the children in Alabama or that the trial court obtained personal jurisdiction over him, pursuant to § 30-3D-201. Instead, the father argues that the trial court lost its continuing jurisdiction of the case.
Section 30-3D-202, Ala. Code 1975, provides:
"Personal jurisdiction acquired by a tribunal of this state in a proceeding under this chapter or other law of this state relating to a support order continues as long as a tribunal of this state has continuing, exclusive jurisdiction to modify its order or continuing jurisdiction to enforce its order as provided by Sections 30-3D-205, 30-3D-206, and 30-3D-211[, Ala. Code 1975]."
Section 30-3D-206(b), Ala. Code 1975, provides that "[a] tribunal of this state having continuing jurisdiction over a support order may act as a responding tribunal to enforce the order." The father does not argue that a tribunal of another state has modified the trial court's judgments regarding child support in this case.[1] Section 30-3D-203, Ala. Code 1975, provides, in pertinent part, that "a tribunal of this state may serve as an initiating tribunal to forward proceedings to a tribunal of another state, and as a responding tribunal for proceedings initiated in another state or a foreign country." The Uniform Comment to § 30-3D-203 states, in pertinent part, that, under the UIFSA, "a tribunal may serve as a responding tribunal even when there is no initiating tribunal," which, the Comment explains, "accommodates the direct filing of a proceeding in a responding tribunal by a nonresident of the Forum, whether residing in a state or anywhere else in the world." Thus, pursuant to § 30-3D-203, the trial court in the present case may serve as a responding tribunal to accommodate the mother's contempt complaint. Accordingly, the trial court has continuing jurisdiction to enforce its orders pursuant to § 30-3D-206(b) as a responding tribunal, and, pursuant to § 30-3D-202, the trial court continued to exercise personal jurisdiction over the father.
The father next argues on appeal that his due-process rights were violated because the mother and the trial court failed to comply with Rule 70A, Ala. R. Civ. P. Rule 70A(c) provides, in pertinent part:
"(1) Initiation of Action. A proceeding based on constructive contempt, whether criminal or civil, shall be subject to the rules of civil procedure. The proceeding shall be initiated by the filing of a petition seeking a finding of contempt (the petition may be in the form of a counterclaim or cross-claim authorized under Rule 13[, Ala. R. Civ. P.] ). The petition shall provide the alleged contemnor with notice of the essential *995 facts constituting the alleged contemptuous conduct.
"(2) Issuance of Process and Notice. Upon the filing of a contempt petition, the clerk shall issue process in accordance with these rules, unless the petition is initiated by a counterclaim or cross-claim authorized under Rule 13. In any case, the person against whom the petition is directed shall be notified (1) of the time and place for the hearing on the petition and (2) that failure to appear at the hearing may result in the issuance of a writ of arrest pursuant to Rule 70A(d) [, Ala. R. Civ. P.], to compel the presence of the alleged contemnor."
The father argues that the mother's contempt complaint and amended complaint fail to comply with Rule 70A insofar as it "requires that all essential facts be pleaded to support an allegation of contempt" with regard to the father's payment of extracurricular expenses and medical expenses for the children. He asserts that the mother failed to allege that she had provided timely requests for reimbursement and timely notice of the amounts that she claimed were owed. He fails, however, to cite any authority indicating that the mother was required to make those allegations in her complaint in order to pursue her contempt claims. See Rule 28(a)(10), Ala. R. App. P.
Citing S.T.W. v. T.N., 141 So.3d 1083, 1088-89 (Ala. Civ. App. 2013), and Ex parte McCall, 149 So.3d 1107 (Ala. Civ. App. 2014), the father argues that the trial court's judgment finding him in contempt is due to be set aside. In S.T.W., this court reversed a juvenile court's finding of constructive contempt because the juvenile court had held the father in that case in contempt during a hearing for his failure to comply with previous orders of the court despite there having been no petition filed to initiate the contempt proceeding, no process filed by the clerk, and no hearing on such a petition. 141 So.3d at 1088. In Ex parte McCall, like in S.T.W., this court reversed a finding of contempt because there had been no petition filed, no process issued against the purported contemnor, and no notice of the hearing at which the finding of contempt was imposed. 149 So.3d at 1109-10.
Unlike in S.T.W. or McCall, the mother in the present case filed a complaint and an amended complaint asserting claims of contempt against the father for his failure to pay child support, extracurricular-activity fees, attorney's fees, and medical expenses as ordered in the parties' divorce judgment. In C.D.M. v. W.B.H., 140 So.3d 961, 962 (Ala. Civ. App. 2013), the Madison District Court found C.D.M. in contempt of court, and she appealed that finding. C.D.M. argued that the district court had erred by issuing contempt sanctions against her without first issuing notice pursuant to Rule 70A(c)(2). Id. at 966. This court observed that C.D.M., like the father in this case, had not argued that she had not been apprised of the time and the place for the hearing. Id. We interpreted C.D.M.'s argument as one asserting that the district court's failure to notify her that her failure to appear at the scheduled hearing could result in a writ being issued for her arrest required reversal of the contempt finding. Id. C.D.M. argued that the requirements of Rule 70A are required to be met for the issuance of contempt sanctions regardless of whether a party appears for the hearing. Id. This court observed that C.D.M. had failed to cite authority in support of that assertion, in contravention of Rule 28(a)(10), Ala. R. App. P., and noted also that, because C.D.M. had been present for the hearing and had been given notice of the time and date of the hearing and no writ for her arrest had been issued, it appeared that any deficiency in the hearing notice *996 amounted only to harmless error, citing Rule 45, Ala. R. App. P. Id. at 967. We concluded further that C.D.M. had had sufficient notice that she was facing sanctions for criminal contempt. Id.
In the present case, the father filed responses to the mother's complaint and her amended complaint, and he appeared at the hearing on the complaints and presented evidence. Like C.D.M., he does not argue on appeal that he was not given notice of the hearing on the complaints. Indeed, he references two orders of the trial court dated May 25, 2017, and May 30, 2017, respectively, which set the date and time of the hearing on the mother's complaint and amended complaint. Thus, like in C.D.M., we interpret the father's argument as one asserting that the trial court erred in failing to inform him that his failure to appear at the hearing might result in the issuance of a writ of arrest. Like C.D.M., the father has failed to support his argument that the trial court's failure to inform him of that possibility amounts to reversible error. As this court stated in C.D.M.:
" 'It is the appellant's burden to refer [an appellate court] to legal authority that supports its argument. Rule 28(a)(10), Ala. R. App. P., requires that the argument in an appellant's brief include "citations to the cases, statutes, [and] other authorities ... relied on." Consistent with Rule 28, "[w]e have stated that it is not the function of [an appellate] court to do a party's legal research." Spradlin v. Spradlin, 601 So.2d 76, 78 (Ala. 1992) (citing Henderson v. Alabama A & M University, 483 So.2d 392, 392 (Ala. 1986) (" 'Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant.' Gibson v. Nix, 460 So.2d 1346, 1347 (Ala. Civ. App. 1984).") ).'
" Board of Water & Sewer Comm'rs of the City of Mobile v. Bill Harbert Constr. Co., 27 So.3d 1223, 1254 (Ala. 2009)."
140 So.3d at 966-967. Because the father has failed to cite any legal authority in support of his assertion that the trial court erred to reversal in failing to notify him that his failure to attend the hearing could result in the issuance of a writ for his arrest, we decline to further address that argument. See C.D.M., 140 So.3d at 967.
The father next argues that the mother's claims with regard to his failure to pay child support or attorney's fees as ordered in the trial court's January 19, 2016, judgment were tried without his consent. He asserts that, although the mother included those claims in her original contempt complaint, those claims did not appear in her amended complaint for contempt and, therefore, he argues, she had abandoned those claims until she raised them again at trial. The father fails, however, to provide any citation to authority indicating that the mother's failure to reassert the claims in her original complaint in her amended complaint resulted in the abandonment of those claims. Accordingly, we decline to further address that issue. See C.D.M., supra, and Rule 28(a)(10). Although the father argues that the mother's claims were not tried with the parties' consent at the trial, we affirm the trial court's judgment on this issue because the father has failed to show on appeal that the claims that were asserted in the mother's original complaint were abandoned in her amended complaint. Thus, we need not decide whether the parties expressly or impliedly consented to trying those claims.
The father also argues on appeal that the mother's claim that the father was in contempt of court because he *997 paid $1,200 of his child-support obligation directly to the parties' mortgage company is barred by the doctrine of res judicata.
" '[T]he application of [the doctrine of res judicata] is a question of law. Thus, the appropriate standard of review is de novo.' Walker v. Blackwell, 800 So.2d 582, 587 (Ala. 2001).
" ' "The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala. 1987). If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation." '
" Webb v. City of Demopolis, 14 So.3d 887, 894 (Ala. Civ. App. 2008) (quoting Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala. 1990) )."
Bullock v. Howton, 168 So.3d 1270, 1272 (Ala. Civ. App. 2015).
The judgment divorcing the parties ordered the father to pay $2,400 per month in child support. It further directed that "payments shall be made as follows: $1,200.00 directly to the Mortgage Company until certain events occur ... and the remainder to the [mother]." In its February 28, 2014, judgment, the trial court modified the father's monthly child-support obligation from $2,400 to $1,700 per month. On July 23, 2015, the mother filed a "motion for clarification" in the trial court, asking the court to clarify whether the father was allowed to continue paying the mother only the remaining $500 after paying the $1,200 mortgage payment on the marital home or whether he was to pay her the full $1,700, in addition to the mortgage payment. On July 26, 2015, the trial court entered an "order on [the mother's] motion for clarification," which stated, in pertinent part, that "the issue of child support and the [father's] payment or non-payment of same, together with the amount of any child support arrears will be addressed during the final hearing." In its January 19, 2016, judgment, the trial court failed to specifically address the issue raised in the mother's motion to clarify, but it denied all relief not specifically granted. Notably, the mother had not asserted a claim of contempt against the father regarding his purported failure to pay the full amount of child support in her counterclaim before the entry of the trial court's January 19, 2016, judgment. The father has failed to cite any authority indicating that the denial of the mother's motion for clarification amounted to the trial court's determination that the father was not in arrears in his child-support payments or that the father was paying child support as intended by the trial court in its February 28, 2014, judgment. Further, the father has failed to cite any authority indicating that the denial of the mother's motion for clarification involved the same cause of action as the mother's complaint for contempt and amended complaint for contempt in the present case. Because the father's argument is not properly supported by citation to authority, we affirm the trial court's judgment as to this issue. See C.D.M., supra, and Rule 28(a)(10).
The father last argues on appeal that the trial court erred by awarding the mother attorney's fees in its August 10, 2017, judgment, based on his other arguments on appeal, i.e., that the mother's child-support claims were barred by res judicata and the UIFSA and that the trial court's failure to comply with Rule 70A requires reversal in this case. Having determined that none of those issues raised by the father merit reversal of the trial court's judgment, we conclude that the *998 father's argument regarding the award of attorney's fees to the mother is similarly without merit. Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

The father also does not argue on appeal that the mother should have initiated enforcement proceedings in another state. Accordingly, that argument is waived. See Gary v. Crouch, 923 So.2d 1130, 1136 (Ala. Civ. App. 2005) ("[T]his court is confined in its review to addressing the arguments raised by the parties in their briefs on appeal; arguments not raised by the parties are waived.").